The Whitney Chain & Mfg. Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 112621.  Promulgated July 19, 1944.

*Henry L. Shepherd, Esq.*, for the petitioner.
*M. L. Sears, Esq.*, for the respondent.

ARUNDELL, *Judge*: The Commissioner has determined that the earnings or profits of the petitioner were permitted to accumulate beyond the reasonable needs of the business in 1939. By virtue of section 102 (c), the accumulation of earnings or profits beyond reasonable needs is determinative of a purpose to prevent the imposition of the surtax upon the shareholders, unless the corporation, by a clear preponderance of evidence, proves to the contrary. The petitioner contends that the accumulated earnings were not unreasonable in view of the conditions faced by it in 1939, and it further contends that there was no purpose to prevent the imposition of the surtax upon its shareholders through the medium of permitting earnings or profits to accumulate instead of being divided or distributed.

Several circumstances tend to confirm the correctness of the Commissioner's determination. The surplus as of December 31, 1939, was $1,668,000. Of this amount $381,800 was invested in the stock of Hanson-Whitney Co., a corporation not related to the petitioner and forming no part of petitioner's business; $347,800 was left idle in the form of noninterest-bearing loans to stockholders, made for reasons purely personal to the stockholders and contributing nothing to the business activities of the petitioner. Almost one-half of the petitioner's surplus was thus deflected from its normal business purposes. While it is true that these diversions originated in past years, and for the most part while the corporation was under the control of its late president, C. E. Whitney, it is equally true that the funds continued to constitute part of the petitioner's accumulated earnings or profits, against the unreasonableness of which the statutory presumption is directed. We are of the opinion that, to the extent the assets served no useful purpose as far as petitioner's own business is concerned, the accumulated earnings must be held to have been beyond the reasonable needs of the business in 1939.

The petitioner contends, on the authority of *United Block Co.* v. *Helvering*, 123 Fed. (2d) 704; certiorari denied, 315 U. S. 812, that the problem is necessarily a question of how much quick assets were on hand for use in the business in the year in question. A considerable part of petitioner's surplus was represented by assets not suscep-

tible of ready liquidation. The stock of Hanson-Whitney, though valuable, was not marketable in 1939, and petitioner urges that it should be eliminated from surplus in considering the present question. The petitioner also argues that the amount of the loans to stockholders, totaling $347,800 in 1939, should not be considered in determining the reasonableness of the accumulated earnings, upon the premise that such loans were not collectible in that year. We think these contentions would acquire force if, in fact, there was no way to liquidate the assets. However, there is a ready answer to both of these propositions, which might be expected to have occurred to a directorate of the caliber of petitioner's. If the $70,000 retained by the petitioner was, in fact, needed in the business, a complete distribution could have been made on the condition that the stockholders apply the amount of the distribution to the reduction of their indebtedness; or a dividend in kind, payable by the cancellation of the debts of the stockholders to the extent of the $70,000 retained; or a dividend payable in the stock of Hanson-Whitney might have been made, to the extent of the earnings retained. Had any one of these courses been pursued, the petitioner would have been in no worse position, as regards the financing of the proposed expansion, and yet would have avoided any further accumulation of earnings.

Moreover, it might be pointed out that the record affords no very definite indication of what the reasonable needs of the business were in 1939, as distinguished from what they proved to be in subsequent years. Certainly, the surplus was far beyond anything needed to carry on the normal business of the petitioner. As to the proposed expansion, the evidence is limited to the mere statement that an expansion was planned, with no suggestion of the anticipated cost or extent. It is true that in 1939 additions to the plant leased to the Hanson-Whitney Co. were in the course of construction, which additions were to cost $116,743, but there is no evidence of any definite undertakings so far as petitioner's own plant is concerned. Putting ourselves back in 1939, with such evidence as we have as of that time, it is difficult to say that the Commissioner's determination was wrong.

Although the existence of an accumulation beyond the reasonable business needs gives rise to a strong presumption in favor of the respondent, the taxpayer may overcome the presumption by proving to the contrary by a clear preponderance of the evidence. The evidence relied upon by the petitioner consists of testimony of one of petitioner's directors to the effect that there was no purpose to save the shareholders from surtax, and that the sole purpose was to finance the expansion. There is no doubt that was one of the purposes of the retention of earnings in 1939, but such a purpose is not inconsistent with another purpose to reduce the surtax burden of the shareholders.

*Nipoch Corporation*, 36 B. T. A. 662. It is to a complete lack of the proscribed purpose that the evidence must be directed. *R. L. Blaffer & Co.*, 37 B. T. A. 851; affd., 103 Fed. (2d) 487; certiorari denied, 308 U. S. 576. In determining purpose, the testimony of interested witnesses, while not to be ignored, may be less persuasive than the surrounding facts and circumstances. In our opinion the purpose stated by the witness is not sufficient to explain the failure to distribute earnings, since the earnings could have been distributed, in the manner above indicated, and the same purpose effectuated. The existence of such obvious alternatives for achieving the same end, of which the directors could not have been ignorant, contradicts the statement that the sole reason for the failure to distribute was to finance the expansion. Therefore, we think the evidence falls short of that clear preponderance required by the statute to overcome the presumption flowing from the fact of an unreasonable accumulation of earnings or profits, and the Commissioner must be sustained.

Reviewed by the Court.

*Decision will be entered under Rule 50.*